UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID AARON, | ) | CASE NO. 3:06 CV 2678 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES G. CARR |
| vs. | ) | |
| | ) | |
| BOB EVANS RESTAURANT, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

Pro se plaintiff David Aaron filed suit on September 29, 2006 in the Lucas County Court of Common Pleas against defendant Bob Evans Restaurants. David Aaron v. Bob Evans, Case No. CI-0200606064 (Luc. County Ct. C. P.)(J. Wittenberg). Mr. Aaron alleged he was discriminated against in violation of the Civil Rights Act of 1964 which "forbids discrimination for race, color, sex, religion and/or national origin." Id.

A Notice of Removal was filed in the United States District Court for the Northern District of Ohio by Bob Evans Restaurant on November 6, 2006. The defendant averred it was served a summons and complaint for the action on October 9, 2006. Inasmuch as Mr. Aaron asserted that his claim was pursuant to Title VII of the Civil Rights, the defendant claimed that this court has federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1441(b).

A Motion to Dismiss pursuant to Federal Civil Rule 12(b)(6) was filed by Bob Evans Restaurant on November 9, 2006. Instead of responding to the motion, Mr. Aaron filed an opposition to the Notice of Removal on January 17, 2007, stating simply that "I find that the Judge whom [sic] granted removal from Common Pleas Court wrong." [Dkt. #4] He further claimed that he needed to 'show cause', seek arbitration and be immediately compensated for 80% of his gross income. Attached to his opposition was a copy of the Notice of Right to Sue he received from the Equal Employment Opportunity Commission(E.E.O.C.), dated December 8, 2005.

This court provided Mr. Aaron the opportunity to oppose defendant's motion to dismiss no later than February 17, 2007. Mr. Aaron timely filed a brief in opposition to defendant's motion on January 29, 2007. For the reasons set forth below, the defendant's motion to dismiss is granted.

*Background*

In his brief complaint filed before the Lucas County Court of Common Pleas, Mr. Aaron claimed that Bob Evans Restaurant knowingly broke the law, causing him mental suffering. He sought unspecified actual and punitive damages under the Civil Rights Act of 1964 and a "settlement amount 80%." (Compl. at 1.) In his brief in opposition to the motion to dismiss, Mr. Aaron asserts he worked for Bob Evans from June 28, 2005 until he was discharged on July 18, 2005. He states that he was "discharged due to mind manipulation by friends of management and forced to not have employee meals reason be [sic] because company ended meal plan also they yelled at me calling my name then keeping up loud noises trying to delute [sic] my ability to adapt[,] also I have white family members who portraide [sic] in this conspiracy to rape and sodomize my mind and body. (Pl.'s Resp. Mot. Dismiss, at 1.)

*Federal Law Applies*

The provisions of section 1441(b) require a defendant to demonstrate that a district court would have original jurisdiction over a civil action in order to invoke the federal court's removal jurisdiction.[1] Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir.2000). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. Id.; Conrad v. Robinson, 871 F.2d 612, 614 (6th Cir.1989). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir.1996).

A claim falls within this court's original jurisdiction under 28 U.S.C. § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." Thornton v. Southwest Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir.1990) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[The well-pleaded complaint] rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 514 (6th Cir.2003) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "[T]he party who brings a suit is master to decide what law he will rely upon." The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913).

---

[1] The relevant statute provides that, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties."28 U.S.C. § 1441(b)(2007).

3

Here, Mr. Aaron explicitly complains that a federal law has been violated by the defendant in this action. Furthermore, he does not refute this court's jurisdiction based on the application of the Civil Rights Act. Thus, the matter was properly removed to this court. Although this court does have subject matter jurisdiction over this action, the complaint is dismissed for failing to state a claim for relief.

*Failure to State Claim*

A complaint may be dismissed pursuant to Rule 12(b)(6) only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations of the complaint. Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir.2003); Ludwig v. Bd. of Trustees of Ferris St. Univ., 123 F.3d 404, 408 (6th Cir.1997). Although a complaint need only provide "'fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), the district court does not need to accept as true "legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir.1993) (internal quotation marks and citations omitted. While complaints of pro se litigants are held to a less stringent standard than licensed attorneys, this leniency does not abrogate those basic pleading requirements that ensure that the court does "not have to guess at the nature of the claim asserted." Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989).

The Supreme Court has clarified that, at the pleading stage, a plaintiff is not required to allege facts to support a prima facie case of discrimination. Swierkiewicz v. Sorema, 534 U.S. 506

(2002)(employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas [ v. Green, 411 U.S. 792 (1973)] framework). This holding did not, however, eliminate the basic tenets of notice pleading.

> Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:
>
>> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a). Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief. See FED. CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley, 355 U.S. at 47).

It is well-settled that Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). While the statute affords protection for a broad class of individuals, Mr. Aaron does not identify a single class within which he seeks protection. The complaint is devoid of any facts setting forth a basis for relief under Title VII. Here, Mr. Aaron has not alleged any facts which trigger the violation of a federal statute and his complaint contains no allegation reasonably

suggesting a remedy in law. In re American President Lines, 929 F.2d 226, 227 (6th Cir. 1991).

*Time-Barred*

In its motion to dismiss, the defendant asserts that, notwithstanding Mr. Aaron's failure to state a claim, the matter is time-barred. As a matter of law, 42 U.S.C. § 2000e-16 provides that an employee may file a civil action, "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency." 42 U.S.C. § 2000e-16(a); 29 C.F.R. § 1614(a). Unlike the exhaustion of one's administrative remedies through the E.E.O.C., which is a condition precedent subject to equitable tolling, Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 392 (1982)(filing timely charge with EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that is subject to waiver, estoppel, and equitable tolling), equitable tolling of the time limit for filing an employment discrimination action is only warranted in exceptional circumstances, such as inadequate notice to the complainant or misleading by the court or defendant. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149-50 (1984). In Baldwin the United States Supreme Court reversed the Court of Appeals for the Eleventh Circuit, finding no basis for the application of the doctrine of equitable tolling toward the time limitations for filing an employment discrimination claim where the plaintiff received a right to sue letter, and the letter itself informed the plaintiff that she had 90 days to file in federal court. Id. at 151. The court stated, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Id.

In his opposition to the motion to dismiss, Mr. Aaron does not provide any explanation for his failure to file suit in federal court within 90 days of his receipt of the Notice of

Right to Suit.  A copy of the Notice he provided to the court, clearly indicates that the E.E.O.C. informed Mr. Aaron that "[y]our lawsuit must be filed WITHIN 90 DAYS of your receipt of this Notice; or your right to sue based on this charge will be lost."  (E.E.O.C. Dismissal and Not. Rights of 12/8/05.)  Thus, his claim for relief based on a final decision issued almost one year after the requisite deadline passed is clearly time-barred.

Accordingly, defendant's motion to dismiss is **granted** and this action is **dismissed** for failing to present a claim pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure.   The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      S/   JAMES G. CARR
       CHIEF JUDGE
       UNITED STATES DISTRICT COURT